## Louisville Savings Bank, &c. vs. Commonwealth.

### ERROR TO FRANKLIN CIRCUIT

1. The Savings Institutions of Louisville are such *monied corporations of loan and discount,* as are embraced by the terms of the Revised Statutes, page 550, and a tax of fifty cents on each share of one hundred dollars is due as tax, and is, by the provisions of the Revised Statutes, art. 10, *title taxation, page* 574, to be paid by the cashier or treasurer of the corporation, into the treasury.
2. By *sec.* 14, *art.* 6, *Revised Statutes, page* 563, bank stock, taxed as such, is not required to be listed by the owner for taxation.
3. The consequences of a failure to pay the tax by the cashier or treasurer is not a question presented for decision, but only the liability of the corporations to pay the tax.

Judge SIMPSON delivered the opinion of the court.

There are three moneyed corporations in the city of Louisville, which were chartered under the appellation of savings institutions.   They have all the rights and privileges of the chartered banks of the state, except that of issuing their own paper, as a circulating me-

MOTION.

Case 9.

June 13.

Case stated.

LOU. SAVINGS
BANK, &c.
vs.
COMMONWEALTH

dium. The *Revised Statutes, page* 550, contains the following provision imposing a tax on banks, &c.: "1. On bank stock, or stock in any *moneyed corporation of loan or discount,* fifty cents on each share thereof, equal to one hundred dollars, or on each one hundred dollars of stock therein, owned by individuals, corporations, or societies." And in the 10th article of the chapter on revenue and taxation, page 574, the following provision is contained: "1. The cashier of a bank, and the treasurer of any other institution whose stock is taxed, shall, on the first day of July in each year, pay into the treasury the amount of tax due. If such tax be not paid, the cashier and his sureties shall be liable for the same and twenty per cent. upon the amount, and the said bank or corporation shall thereby forfeit the privileges of its charter."

The auditor of public accounts demanded from each one of these three savings institutions the tax mentioned in the section above quoted, and they having refused to make payment thereof, by consent, the question of their liability for the same, was submitted to the Franklin circuit court, and that court having decided that they should pay the tax claimed by the auditor, they have appealed to this court.

No question is made as to the jurisdiction of the Franklin circuit court, but the parties, by consent, submitted the matters in controversy to that court, that the real question in dispute, which is, by whom must this tax be paid, by the stockholders or by the corporation, might be judicially and authoritatively settled and determined. By the terms of submission, all the public and private acts of the general assembly, applicable to the question, were to be regarded as parts of the case submitted for decision.

These savings banks discount notes, loan money, and purchase bills of exchange; they are, then, *moneyed corporations* of *loan* or *discount,* and expressly embraced by the statute, which imposes a tax of fifty cents on each share of stock, equal to one hundred dollars, in such institutions, whether the same be owned by

1. The Savings Institutions of Louisville are such *monied corporations of loan and discount* as are

individuals, corporations, or societies. But is this tax to be paid by the corporations, or by the owners of the stock? The statute provides, that "the cashier of a bank, and the treasurer of any other institution whose stock is taxed, shall, on the first day of July in each year, pay into the treasury the amount of tax due." It is contended, however, that those banks only are here referred to which are required, by their charters, to make payment of a certain tax on the stock therein, not exceeding fifty cents on each share of one hundred dollars, and as the charters of these savings institutions do not contain such a provision, that they are not embraced by the statute. The language used, however, is sufficiently comprehensive to embrace them, and it is apparent that other institutions besides banks are referred to, because it is the *cashier* of the bank, and the *treasurer* of any other institution, that is required to pay the tax due into the treasury of the state.

The same reason that makes it proper for the tax to be paid by the banks, that put their paper into circulation as money, which banks alone it is contended are referred to in this statute, applies with equal force to all moneyed corporations of loan or discount. The stocks in all these corporations may be, and frequently are owned by non-residents, and could not be taxed at all unless the corporations which are located in this state, and carrying on the business of loaning money for the benefit of such non-resident stockholders, be required to pay the tax.

By the 14*th section of the 6th article, title, revenue and taxation, poge* 563, it is made the duty of the assessor to require a person listing his property for taxation to fix, upon oath, a sum which will cover the amount he was worth on the 10th day of January, from all other sources, exclusive of his estate listed for taxation, also bank stock taxed in this state, &c. It thus appears that the owners of the bank stock taxed in this state are not required to list it for taxation, but it is expressly excluded by the statutes from the estimate which a

Lou. Savings Bank, &c. *vs.* Commonwealth

embraced by the terms of the Revised Statutes, page 550, and a tax of 50 cents on each share of one hundred dollars is due as tax, and is, by the provisions of the Revised Statutes, *article* 10, *title taxation, page* 574, to be paid by the cashier or treasurer of the corporation into the treasury.

2. By the 14*th section, 6th art., Rev. Stat., page* 563, bank stock, taxed as such, is not required to be listed by the owner for taxation.

Lou. Savings
Bank, &c.
vs.
Commonwealth

person listing his estate for taxation is to make, to enable him to ascertain a sum which will cover the amount he was worth on the day named. From these provisions of the statute the legislative intention is perfectly evident. The tax is to be paid by the corporations, in the mode prescribed, in the section already cited.

3. The consequences of a failure to pay the tax by the cashier or treasurer is not a question presented for decision, but only the liability of the corporations to pay the tax.

Whether the penalty which is denounced by the statute against the cashier and his sureties, or the forfeiture of its charter denounced against the bank or corporation, for a failure to pay this tax at the time and in the mode prescribed, can be enforced, is a question that does not arise in this case. No proceeding has been instituted against the corporation to enforce a forfeiture of its chartered privileges, or against any one of its officers to hold him responsible, for this tax, in his individual capacity. It would be time enough to decide these questions when they are properly presented to the court. The only question which this record presents is, whether, by the provisions of the statute, these corporations are liable for the tax on the stock held in them, which has been imposed by law, or whether this tax must be paid by the owners of the stock? The mode of enforcing the payment of the tax is a different question, and one that does not arise in this case. We decide that these corporations are liable for the tax, and it is their duty to pay it. This being the only question presented for our adjudication, no other will be decided.

Wherefore, the judgment is affirmed.

Morehead & Brown for appellants ; Harlan, *Attorney General*, for commonwealth.